IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE ROBINSON, #N52712, <br><br>    Plaintiff, <br><br>v. <br><br>DEE DEE BROOKHART, LORIE CUNNINGHAM, and WEXFORD HEALTH SOURCE, INC., <br><br>    Defendants. | Case No. 24-cv-00155-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff George Robinson, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while at Lawrence Correctional Center. He seeks monetary damages. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE FIRST AMENDED COMPLAINT

    Plaintiff alleges that while at Lawrence Correctional Center, he was placed in a cell that was too small to accommodate his wheelchair or walker. (Doc. 14, p. 6). Plaintiff states that he is 60 years old and in very poor health. Because of the small cell size, Plaintiff fell twice from tripping over his walker while trying to maneuver in the cell. On one occasion, he hit his head and became

unconscious. When Plaintiff regained consciousness, he realized he was lying in a puddle of blood. Plaintiff also has injured his shoulder and hip from his falls. Plaintiff wrote letters to the health care unit administrator, Lorie Cunningham, and Warden Dee Dee Brookhart in November and December 2021, asking for an ADA cell and informing them he had fallen and injured himself. In May 2022, Plaintiff wrote to Wexford Health Sources, Inc. (Wexford). Plaintiff requested Wexford to contact Brookhart and Cunningham to assign him to a cell that would accommodate his medical equipment.

## PRELIMINARY DISMISSALS

The Court dismisses all claims against Wexford. As a corporation, Wexford can only be liable under Section 1983 for an unconstitutional policy or practice. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) ("Such a private corporation cannot be held liable under [Section] 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself."). Plaintiff fails to point to any such policy or practice that caused him to be deprived of a constitutional right. In fact, Plaintiff does not assert any allegations against Wexford in the Statement of Claim.

Plaintiff has also not sufficiently pled a state law claim against Wexford. Plaintiff states that he is suing Wexford for medical malpractice. This assertion is conclusory and not supported by any factual allegations in the First Amended Complaint. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements"). For these reasons, Plaintiff has failed to state a claim against Wexford.

## DISCUSSION

Based on the allegations in the First Amended Complaint, the Court designates the

following counts:

> **Count 1:** Eighth Amendment claim against Brookhart and Cunningham for subjecting Plaintiff to unconstitutional conditions of confinement by failing to place Plaintiff in a cell that would accommodate his disabilities.
>
> **Count 2:** ADA/RA[1] claim against Brookhart and Cunningham for failing to place Plaintiff in a cell that would accommodate his disabilities.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

### Count 1

To successfully plead an Eighth Amendment conditions of confinement claim, a plaintiff must establish that: (1) the conditions objectively posed a substantial risk of serious harm, and (2) "the defendants were deliberately indifferent to that risk, meaning they were aware of it but ignored it or failed 'to take reasonable measures to abate it.'" *Sturgis v. Marodo*, 2022 WL 614874, at *2 (S.D. Ind. Mar. 2, 2022) (*quoting Townsend v. Cooper*, 759 F.3d 678, 687 (7th Cir. 2014)).

Plaintiff has sufficiently pled that he was at a risk of physical injury by being housed in a cell that could not accommodate his walker or wheelchair and that Defendants Brookhart and Cunningham were informed of this risk and that Plaintiff needed a different cell but failed to act. Accordingly, Count 1 will proceed against Brookhart and Cunningham. *See Wilson v. Ill. Dep't of Corr.,* 2022 WL 4483942, at *7 (S.D. Ill. Sept. 27, 2022) ("forcing an inmate to traverse throughout

---

[1] Plaintiff does not mention the Rehabilitation Act (RA), 29 U.S.C. § 794(a), in his First Amended Complaint, but the Seventh Circuit has cautioned that claims of discrimination on account of a disability, especially those from a pro se prisoner litigants, should be analyzed by the district court in light of both the ADA and RA, whether or not the plaintiff has asserted a claim under the latter statute. *Norfleet v. Walker,* 684 F.3d 688, 690 (7th Cir. 2012).
[2] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

a prison may amount to a substantial risk of objectively serious harm depending on the inmate's ability to ambulate and the obstacles within the facility itself").

Because Plaintiff is seeking only monetary damages, Count 1 will proceed against Defendants in their individual capacities and is dismissed against Defendants in their official capacities. *See Brown v. Budz*, 398 F.3d 9044, 918 (7th Cir. 2005) (Eleventh Amendment bars official capacity claims for monetary damages).

**Count 2**

Under the Americans with Disabilities Act ("ADA"), "no qualified individual with a disability shall, because of that disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006). The Rehabilitation Act ("RA") likewise prohibits discrimination against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794-94e. The analysis under the ADA and the RA is the same, except that the RA includes as an additional requirement the receipt of federal funds, which all states accept for their prisons. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012) (citing 29 U.S.C. § 705(2)(B)). Discrimination under both includes the failure to accommodate a disability. *Jaros*, 684 F.3d at 672 (citation omitted).

Plaintiff has stated an ADA/RA claim for failure to accommodate his disability by celling him in a cell in which he could not use mobility devices. As the proper defendant is the agency or an individual in his or her official capacity, Count 2 will proceed against Warden Brookhart in her official capacity and is dismissed as to Cunningham. *See Jaros*, 684 F. 3d at 670 n. 2; *Brown v. Misner*, 2024 WL 328910, at *2 (E.D. Wisc. Jan. 29, 2024) (noting that the remainder of defendants cannot be sued under the ADA/RA in their personal capacities and an ADA/RA claim against the "remainder of the defendants in their 'official' capacity would be redundant…")

(citations omitted).

## DISPOSITION

For the reasons set forth above, the First Amended Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Brookhart and Cunningham. **COUNT 2** will proceed against Brookhart in her official capacity and is **DISMISSED** as to Cunningham. All claims against Wexford Health Sources, Inc. are dismissed without prejudice. The Clerk of Court shall **TERMINATE** Wexford Health Sources, Inc. as a defendant on the docket.

Because Plaintiff claims involve physical disabilities and injuries, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for Brookhart and Cunningham the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to the defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be

retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the First Amended Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   June 18, 2024**

                                               *s/Stephen P. McGlynn*
                                               **STEPHEN P. MCGLYNN**
                                               **United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.